UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARITZA ARVELO,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | 3:13-CV-0592 (CSH)<br><br><br><br>January 28, 2015 |

**RULING ON RECOMMENDED RULING OF MAGISTRATE JUDGE**

**HAIGHT**, Senior District Judge:

In this action under § 205(g) of the Social Security Act, 42 U.S.C. §§ 405 (g) and 1383(c)(3), as amended ("SSA"), Plaintiff Maritza Arvelo sought review of a final decision by the Commissioner of Social Security which denied Plaintiff Disability Insurance Benefits under the Act.

The Defendant Commissioner's answer to Plaintiff's complaint sought a determination that the Administrative Law Judge (ALJ") who conducted a hearing into Plaintiff's claim correctly concluded that Plaintiff was not "disabled" during the relevant period of time, as that word is defined by the Act, its accompanying regulations, and case law. The SSA Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a motion for an order reversing the adverse determination of the Commissioner, who filed a cross-motion to affirm it. This Court referred the case to Magistrate Judge Joan G. Margolis pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Margolis considered the administrative record and the briefs of counsel, and filed a Recommended Ruling [Doc. 24] ("R.R."). Judge Margolis


recommended in her R.R. that Plaintiff's motion to reverse the Commissioner's decision be denied, and the Commissioner's cross-motion to affirm that decision be granted.

Neither party has filed any written objections to the R.R. (which concluded with a notification to the parties of their right to file timely written objections under 28 U.S.C. § 636(b)). The absence of any written objection by a party to a Magistrate Judge's recommendation has an impact upon a District Judge's evaluation of the recommendation. "The district court adopts a Magistrate Judge's report and recommendation where no clear error appears on the face of the record. However, the court is required to make a *de novo* determination of those portions of a report to which objection is made." *Lee v. Lending Tree*, 473 F.Supp.2d 435, 436 (S.D.N.Y. 2007) (citations omitted). "A district court evaluating a Magistrate's report may adopt those portions of the report to which no specific, written objection is made, as long as those sections are not clearly erroneous." *Bandhan v. Laboratory Corp. of America*, 234 F.Supp.2d 313, 316 (S.D.N.Y. 2002) (citations and internal quotation marks omitted). If no timely objection is filed, "the district court can adopt the report without making a *de novo* determination." *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

Given the absence of objections to Judge Margolis's recommendations in the case at bar, and consistent with the principles articulated in the cited cases, I have reviewed the R.R. to determine whether any clear error appears on the face of the record. There is none. No *de novo* review is required. I need comment on only one aspect of the case. The ALJ's decision, adverse to Plaintiff, rejected opinion letters from Plaintiff's treating physicians, a Dr. Jonas and a Dr. Lara, on the question of Plaintiff's disability *vel non*. Whether an ALJ has given sufficient deference to the opinion of an applicant's treating physician is a much-litigated issue in social security disability

cases. In the case at bar, Judge Margolis's R.R. discusses at length the factors which inclined the ALJ to discount the opinions of Plaintiff's treating physicians. *See* Doc. 24 at 28-34. Those reasons are persuasive. The ALJ's assessment of the treating physicians' opinions, while adverse to the Plaintiff-patient, cannot be said to be clearly erroneous; nor can the Magistrate Judge's refusal to overturn the Commissioner's decision to deny benefits in this case.

For the foregoing reasons, this Court ACCEPTS and ADOPTS the Recommended Ruling of the Magistrate Judge. Accordingly, the Commissioner's Motion to Affirm its Decision [Doc. 20] is GRANTED, and Plaintiff's Motion to Reverse the Decision of the Commissioner [Doc. 19] is DENIED.

The Clerk of the Court is directed to dismiss Plaintiff's complaint with prejudice. When that has been done, the Clerk is directed to close the file.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         January 28, 2015

                                             /s/ *Charles S. Haight, Jr.*
                                             CHARLES S. HAIGHT, JR.
                                             Senior United States District Judge